UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 05 2026

Nathan Ochsner, Clerk of Court

ANDRES VELASQUEZ Jr.,

Plaintiff,

v. CIVIL ACTION NO.

MONTGOMERY COUNTY, TEXAS,

MELISA MILLER, in her Individual Capacity,

Defendants.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district because a substantial part of the events giving rise to this action occurred in Montgomery County, Texas.

## II. PARTIES

4. Plaintiff, Andres Velasquez Jr., is a Hispanic male and a practicing Christian residing in Montgomery County, Texas. 3787 East Forest Road, Conroe, Texas 77306.

5. Defendant Montgomery County, Texas is a governmental entity and employer within the meaning of Title VII. Montgomery County, Texas can be served at 501 North Thompson Street, Suite 401, Conroe, Texas 77301 % County Judge Mark Keough.

6. Defendant, Melisa Miller, is an individual who acted under color of state law and is sued in her individual capacity. Defendant Melisa Miller can be served at Montgomery County District Clerk's Office, 301 N. Main Street, Suite 103, Conroe, Texas 77301.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission. See attached, 'Exhibit A'.

8. Plaintiff received a Notice of Right to Sue dated February 4, 2026. A copy is attached labeled 'Exhibit B'.

9. Plaintiff has satisfied all administrative prerequisites, and this action is filed within ninety (90) days of receipt of that notice.

IV. FACTUAL ALLEGATIONS

10. Plaintiff was hired on or about May 15, 2023 as a Court Clerk II with the Montgomery County District Clerk's Office.

11. Plaintiff was promoted shortly thereafter to Court Clerk III.

12. Plaintiff was qualified for his position and performed his job duties satisfactorily.

13. Plaintiff was supervised by Beth Rodgers.

14. During his employment, Plaintiff was subjected to differential treatment, including inconsistent instructions and reprimands not imposed on similarly situated employees.

15. In or around mid 2023, Plaintiff reported concerns regarding this treatment to Human Resources.

16. Plaintiff was instructed to document the conduct, which he did.

17. Plaintiff engaged in protected activity under Title VII by reporting workplace concerns.

18. On or about August 15, 2024, Plaintiff was called into a meeting with supervisors, including Defendant Melisa Miller, amid prior discussions regarding workplace conflict involving a colleague.

19. During this meeting, Defendant Miller stated, "I thought you were a Christian," in a hostile and accusatory manner.

20. This statement reflects discriminatory animus and is evidence of improper motive.

20A. Upon information and belief, Defendant Miller was aware of or perceived Plaintiff's sexual orientation based on workplace interactions and communications involving other employees.

20B. The statement, "I thought you were a Christian," was made in a context that reflects bias or stereotyping related to Plaintiff's religion and/or perceived sexual orientation.

20C. This statement, combined with the surrounding circumstances, supports an inference that discriminatory animus played a role in the treatment of Plaintiff and the decision to terminate his employment.

21. A similarly situated employee outside Plaintiff's protected classes, namely a Caucasian female, held the same job position, worked under the same supervisors, and was subject to the same workplace policies and standards.

22. This employee engaged in more serious misconduct, including a Driving While Intoxicated offense at approximately three times the legal limit.

23. Despite engaging in more serious misconduct, this employee was not terminated and was instead promoted.

24. By contrast, Plaintiff, a Hispanic male, was terminated.

25. This disparate treatment under nearly identical circumstances gives rise to a strong inference of unlawful discrimination.

26. On or about September 22, 2024, Plaintiff was arrested for Driving While Intoxicated.

27. During the encounter, Plaintiff stated only that he worked with attorneys and did not identify specific individuals, make threats, or attempt to improperly influence law enforcement.

28. On or about September 23, 2024, Plaintiff was terminated from his employment.

29. Defendants claimed that Plaintiff violated ethical policies and attempted to misuse his position.

29A. Defendants treated Plaintiff more harshly than similarly situated employees outside his protected classes for comparable or more serious conduct.

30. These allegations were false, exaggerated, and not honestly believed and not supported by the underlying facts and were used as a pretext for unlawful discrimination.

31. Plaintiff's DWI case was later acquitted in October 2025.

32. Defendants' stated reasons for termination were not the true reasons but were a pretext for unlawful discrimination.

33. Plaintiff was not provided a meaningful opportunity to respond to or refute the stigmatizing allegations prior to his termination. Although Plaintiff was permitted to file a post-termination grievance, the decision to terminate his employment had already been made, and the process did not provide a meaningful opportunity for Plaintiff to clear his name or challenge the allegations in a fair and impartial manner.

34. The accusations made against Plaintiff damaged his reputation and adversely affected his future employment opportunities.

35. The foregoing facts, taken as true, establish plausible claims for relief under federal law.

## V. CAUSES OF ACTION

### Count I – Race Discrimination (Title VII)

36. Plaintiff incorporates all preceding paragraphs.

37. Plaintiff is a member of a protected class (Hispanic).

38. Plaintiff was qualified for his position and performed his job satisfactorily.

39. Plaintiff suffered an adverse employment action, namely termination.

40. Similarly situated employees outside Plaintiff's protected class were treated more favorably under nearly identical circumstances.

41. These facts give rise to a reasonable inference of unlawful discrimination.

42. Defendants' stated reasons for Plaintiff's termination were pretextual and not worthy of credence.

43. Defendants violated Title VII.

Count II – Sex Discrimination (Title VII)

44. Plaintiff incorporates all preceding paragraphs.

45. Plaintiff is male.

46. Plaintiff was qualified for his position and performed his job satisfactorily.

47. Plaintiff suffered an adverse employment action.

48. A similarly situated female employee was treated more favorably under similar or more serious circumstances.

49. These facts give rise to an inference of sex-based discrimination.

50. Defendants violated Title VII.

Count III – Retaliation (Title VII)

51. Plaintiff incorporates all preceding paragraphs.

52. Plaintiff engaged in protected activity by reporting workplace concerns to Human Resources.

53. Plaintiff suffered an adverse employment action.

54. There is a causal connection between Plaintiff's protected activity and the adverse action.

55. Defendants' actions would dissuade a reasonable employee from engaging in protected activity.

56. The temporal proximity and pattern of escalating scrutiny following Plaintiff's protected activity support an inference of retaliatory motive.

57. Defendants violated Title VII.

Count IV – Violation of Due Process (42 U.S.C. § 1983)

58. Plaintiff incorporates all preceding paragraphs.

59. Defendants acted under color of state law.

60. Plaintiff possessed protected liberty and property interests in his employment and reputation.

61. Defendants deprived Plaintiff of these interests without due process of law.

62. Defendants terminated Plaintiff based on stigmatizing allegations without providing a meaningful opportunity to be heard.

63. Defendant Melisa Miller was personally involved in the conduct giving rise to this violation.

64. Defendants are liable under 42 U.S.C. § 1983.

65. The stigmatizing nature of the accusations including alleged ethical violations and misuse of position, were publicly connected to Plaintiff's termination and have impaired his ability to obtain similar employment.

VI. DAMAGES

66. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages.

67. Plaintiff seeks all relief available under law, including:

Back pay

Front pay

Compensatory damages

Punitive damages (as allowed by law)

Attorney's fees and costs

Reinstatement or other equitable relief

VII. JURY DEMAND

68. Plaintiff demands a trial by jury on all issues so triable.

VIII. PRAYER

Plaintiff respectfully requests that the Court enter judgment in his favor and award all relief to which he is entitled.

Respectfully submitted,

Andres Velasquez, Jr.

3787 East Forest Road, Conroe, Texas 77306

(936)-331-7858

Andres.Velasquez02@icloud.com

Pro Se Plaintiff