"Exhibit A"

EEOC No. 460-2025-04533 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**
EEOC
Texas Workforce Commission Civil Rights Division

**AGENCY CHARGE NO.**
460-2025-04533

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Andres Velasquez Jr.

Phone No.: 936-331-7858

Year of Birth: 2002

Mailing Address: 3787 East Forest Road
CONROE, TX 77306

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Montgomery County District Clerk
No. Employees, Members: 15 - 100 Employees
Phone No.: (936) 539-7855
Mailing Address: 301 North Main Street
CONROE, TX 77301, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

National Origin, Religion, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 09/23/2024
Latest: 09/23/2024

THE PARTICULARS ARE:

I am a Hispanic male who was employed by the Montgomery County District Clerk's Office beginning approximately May 15, 2023. My position was Court Clerk, and at the time of my termination, I was earning just under $23.00 per hour.

On or about October 2024, I was terminated from my employment. I was called into a meeting by Kelsey Kowis, Deputy to District Clerk Melissa Miller, with my immediate supervisor, Tracy Hutchinson, present. I was informed that my termination was "the office's decision." When I questioned the basis for the decision, no explanation was provided, and when I identified Melissa Miller as the decision-maker, no response was given.

I was told that I allegedly claimed to know elected officials and attorneys and attempted to negotiate using those alleged relationships, which was described as a violation of unspecified company policies. I was not provided with any policy citations, evidence, or documentation supporting these allegations, nor was I given an opportunity to respond prior to my termination.

No investigation was explained or referenced, and no reports, witness statements, or other evidence were identified. When I contacted Human Resources seeking clarification, I was informed that HR does not make termination decisions and merely processes management's decisions.

I believe the stated reason for my termination was pretextual. I was subjected to heightened scrutiny and targeting prior to my termination, which caused me to maintain contemporaneous notes documenting my treatment. I further believe that my race, sex, national origin, religion, and sexual orientation were motivating factors in the decision to terminate my employment.

Following my termination, I was unemployed for approximately one year and was only able to obtain intermittent temporary work. I secured full-time employment in December 2025.

After my termination, I filed a complaint with the Texas Department of Public Safety seeking to identify the source of the "reported" allegations referenced in my termination paperwork. The Respondent's actions discouraged me from opposing discriminatory practices and interfered with my protected activity.

RELIEF SOUGHT

I seek appropriate relief under the law, including but not limited to reinstatement, back pay, compensatory damages, and any other relief deemed just and proper.

STATUTORY BASIS

This charge is filed pursuant to:

Title VII of the Civil Rights Act of 1964, as amended,

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Andres Velasquez Jr.

01/27/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary________________________________________________

Printed Name _____________________________________________________

# CP ENCLOSURE WITH EEOC FORM 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).
2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

"Exhibit B"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/04/2026

**To:** Andres Velasquez Jr.
3787 East Forest Road
CONROE, TX 77306

Charge No: 460-2025-04533

EEOC Representative and email: KEITH RUTLEDGE
INVESTIGATOR
KEITH.RUTLEDGE@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2025-04533.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
02/04/2026

Rayford O. Irvin
District Director

**Cc:**
Bushra F Khan
Montgomery County, Texas
501 N. Thompson, Suite 300
Conroe, TX 77301

NA NA
Montgomery County District Clerk
301 North Main Street
CONROE, TX 77301

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2025-04533 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2025-04533 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.